TotteN, J.,
delivered the opinion of the court-:
The action is debt, commenced by original attachment before a justice of DeHalb, who- rendered judgment for the plaintiff, Avant. The defendant, Benneftj, *153 appealed, to the circuit court, where a motion to quash the attachment was overruled, and on a trial de novo, the same judgment was rendered, and defendant appealed in error to this court.
The question is: does the attachment state a sufficient cause for the issuance of that writ? We are of opinion that it does not.
It states for cause, “that jthe said Harrison Bennett is about to abscond, so that the ordinary process of law cannot be served on him.”
But the case provided for in the act of 1794, ch. 1, § 19, is, where the debtor “ so absconds or conceals himself, that the ordinary process of law cannot be served on him.” And in the act of 1843, ch. 29, § 1, it is stated to be where the debtor “shall be absconding or concealing himself.” These provisions in the two acts are of the same import.
To abscond in a legal sense, means to hide, conceal or absent oneself clandestinely, with the intent to avoid legal process.
How the case provided for in the statute implies the act done, and therefore the ordinary process cannot be served on the person.
But the case stated in this attachment, implies an act not done but about to be done. It states, not that the debtor absconds, or is absconding; but that he is “ about to abscond.” It is clear that the case is wholly different from that provided for, and that it assumes no legal ground for the process of attachment.
The judgment of the circuit court ’ will be reversed, and the motion to quash the attachment be sustained.
Judgment reversed.